IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiffs, | 8:00CR83 |
| vs. | |
| JAMES G. ALLEE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant James G. Allee's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Filing No. 348, and motion for a status update, Filing No. 349. He challenges his convictions for firearms offenses under 18 U.S.C. § 924(c).

On March 6, 2001, James G. Allee entered pleas of guilty to the following counts of the superseding indictment: Count I (conspiring to commit bank robbery, in violation of 18 U.S.C. § 2113)(a) &(d)); Count II (bank robbery with use of a dangerous weapon in violation of 18 U.S.C. § 2113 (d)); Count III (use of a weapon in during commission of a violent crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)); Count IV (carjacking resulting in serious bodily injury, in violation of 18 U.S.C. § 2119(3)); Count V (use of a firearm during the commission of a violent crime, in violation of 18 § 924(c)(1)(C)(i)), and Count X (being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1)).[1]  He was sentenced to 262 months imprisonment, on Counts I, II, IV & X, to

---

[1] Thereafter, Allee was charged in Case No. 8:01cr228 with escape from custody of a county jail, in violation of 18 U.S.C. § 751. He entered a plea of guilty to that charge and was sentenced to 27 months imprisonment with 15 months concurrent to the sentence in Case No. 8:00cr83 and 12 months consecutive to that sentence.

be served concurrently, 84 months (seven years) on Count III, to run consecutive to the sentence on Counts I, II, IV & X; and 300 months (twenty-five years) on Count V, to run consecutive to the sentence imposed on Count III. He appealed his conviction and sentence, both were affirmed. *United States v. Allee*, 282 F.3d 997 (8th Cr. 2001). The present motion is Allee's first motion under 28 U.S.C. § 2255.

In his motion, Allee challenges his sentences for the crimes charged in Count III and Count V, contending that the sentences contravene the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Allee argues that his convictions for use of firearms in connection with "crimes of violence" are invalid because the term "crime of violence" as used in § 924(c)(1) and § 924(e), is too vague to comport with his due process rights in light of *Dimaya*. He contends that *Dimaya* "applies with equal force to § 924(c)(3)(B), the statute that formed the predicate offense used to support his convictions and sentences, casting retrospective doubt on the constitutional validity of those convictions and sentences." Filing No. 348 at 4. He argues he has a "Fifth Amendment right not be adjudged guilty or to have his sentences dictated by the unconstitutionally vague of § 924(c)(3)(B)" *Id.*

The record shows that Allee's seven-year sentence on Count III was based on finding that armed robbery qualifies as a crime of violence and (2) Allee brandished firearms during the bank robbery. Filing No. 227, PSR (Sealed) at 14. The twenty-five-year sentence on Count V was based on the conviction for a second offense of using a firearm during the commission of a violent crime—carjacking resulting in serious bodily injury. *Id.* at 15-16.

2

II. LAW

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rule provides that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

Section 2255 does not require that the court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No hearing is required where the petitioner's allegations are affirmatively contradicted in the record. See *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

Under 18 U.S.C. § 924(c), certain minimum sentences are imposed on "any person who, during and in relation to any crime of violence or drug trafficking crime[,] . . . uses or carries a firearm." 18 U.S.C. § 924(c)(1)(A). Subsection (c)(3) defines "crime of violence" as an offense that is a felony and:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The former is the use-of-force clause and the latter is the residual clause.

Defendants who use a firearm during a crime of violence are subject to a seven-year Mandatory minimum consecutive sentence if a firearm is brandished during and in relation to the crime of violence. 18 U.S.C. § 924(c)(1)(B)(i). Also, a minimum consecutive sentence of twenty-five years is required for a second conviction for using a firearm during a crime of violence under 18 U.S.C. §§ 924(c)(1)(C)(i) and 924(c)(1)(D)(ii).

In *Dimaya*, 138 S. Ct. at 1210-11, the Supreme Court found the "residual clause" of 18 U.S.C. § 16(b), as incorporated by the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F), to be void for vagueness and a violation of the Constitution's guarantee of due process. The "residual clause" of 18 U.S.C. § 16, which mirrors the clause in § 924, defines a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The Supreme Court held the § 16(b) residual clause failed for the same reasons enumerated in *Johnson v. United States*, 576 U.S. ——, 135 S. Ct. 2551 (2015), with respect to the residual clause in § 924. *Dimaya*, 138 S. Ct. at 1223.

By invalidating the residual clause, *Johnson* did not call into question the imposition of increased sentences under § 924's other definitions of a violent felony. *Johnson*, 135 S. Ct. at 2563. Thus, after *Johnson*, an increased sentence may still be

validly applied based on an offense falling within the "elements clause" or use-of-force clause of § 924, which defines a qualifying predicate "violent felony" as any crime that "has an element the use, attempted use, or threatened use of physical force against the person of another . . . ." *Id.*; § 924(e)(2)(B). "[P]hysical force" means "force capable of causing physical pain or injury to another person." *Johnson,* 559 U.S. at 140. The Supreme Court recognizes that the use of only slight force sufficient to overcome a victim's resistance will satisfy the force clause. *Stokeling v. United States*, 139 S. Ct. 544, 553 (2019)(noting that robbery has always been within the category of violent, active crimes that Congress included in ACCA); *see also United States v. Rivera*, 847 F.3d 847, 849 (7th Cir.), *cert. denied*, 137 S. Ct. 2228 (2017) (Hobbs Act robbery qualifies as "crime of violence" for purposes of sentencing defendant to mandatory minimum sentences of seven and 25 years imprisonment upon his conviction on two counts of brandishing a firearm in furtherance of a crime of violence; robbery had element of use, attempted use, or threatened use of physical force against person or property of another, and one could therefore not commit robbery without using or threatening physical force).

A robbery conviction is a "violent felony" under the force clause. *United States v. Swopes*, 886 F.3d 668, 670-71 (8th Cir. 2018) (*en banc*), *as corrected* (Mar. 29, 2018), *cert. denied*, No. 18-5838, 2019 WL 888162 (U.S. Feb. 25, 2019); *see also United States v. Lundberg*, No. 18-1123, 2019 WL 990194, at *1 (8th Cir. Feb. 28, 2019); *United States v. Young*, 720 F. App'x 803, 805 (8th Cir. 2018) (unpublished per curiam). Carjacking under § 2119 also meets the definition of crime of violence under the elements or use-of force clause. *See* 18 U.S.C. § 2119 (describing elements as "with

5

the intent to cause death or serious bodily harm[,] tak[ing] a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempt[ing] to do so"). Every Court of Appeals to address this issue has held that intimidation involves a threatened use of force and that carjacking qualifies as a crime of violence under the elements/use-of-force clause of 924(c). *See United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir. 2018); *United States v. Kundo*, 743 Fed. App'x 201, 203 (10th Cir. 2018) (unpublished); *United States v. Gutierrez*, 876 F.3d 1254, 1256-57 (9th Cir. 2017) (collecting cases from the Fourth, Fifth, and Eleventh Circuits); *see also United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017) (analyzing intimidation in the context of bank robbery under § 2113(a)).

### III. DISCUSSION

On initial review, the Court finds, as a matter of law, that summary dismissal is appropriate. Because Allee's underlying crimes are both crimes of violence under the use-of-force clause, the Court rejects Allee's argument that his mandatory seven-year and twenty-five-year sentences for firearms offenses are rendered invalid under *Dimaya*. The residual clause held to be void for vagueness and unconstitutional is not at issue. The Court finds Allee's motion to vacate, set aside, or correct his conviction or sentence should be denied.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Allee must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree

6

that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Allee's motion presents viable grounds for relief. Allee's claims are a formulaic recitation of an argument that prisoners have raised, and courts have rejected. As a consequence, the Court will deny a certificate of appealability as to Allee's claim.

IT IS ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Filing No. 348) is denied.

2. Defendant's motion for a status update (Filing No. 349) is denied as moot.

3. No certificate of appealability will issue.

4. A judgment of dismissal in conformity with this Memorandum and Order will issue this date.

Dated this 28th day of March, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge